IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Thomas Montril Brown,            )
                                 )
            Petitioner,          )
                                 )     Criminal No.: 4:05-cr-770-TLW
vs.                              )     Civil No.: 4:08-cv-70050-TLW
                                 )
United States of America,        )
                                 )
            Respondent.          )
_____)

# ORDER

This matter comes before the Court for consideration of the pro se motion to vacate, set

aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Thomas Montril Brown

("petitioner").  (Doc. # 252).

On July 26, 2005, the petitioner was charged in Indictment 4:05-770 with twelve counts

of criminal conduct.  Count 1, 7, and 9 charged the petitioner with taking from the person and

presence of another by force, violation, and intimidation with the intent to cause death and

serious bodily harm a motor vehicle that had been transported in interstate commerce in violation

of 18 U.S.C. §§ 2219(1) and (2).  Counts 2, 4, 6, 8, and 11 charged the petitioner with knowingly

using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a

crime of violence in violation of 18 U.S.C. § 924(c)(1).  Counts 3 and 5 charged the petitioner

with knowingly obstructing, delaying, and affecting commerce and the movement of articles and

commodities in such commerce by robbery in violation of 18 U.S.C. § 1951(a).  Count 10

charged the petitioner with kidnapping and holding a person in order to force him to disclose

where the key to the rims on his car was located and then willfully transporting the victim to

another state in violation of 18 U.S.C. §§ 1201 and 1202.  Count 12 charged the petitioner with possessing firearms and ammunition that had been shipped and transported in interstate commerce after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and/or 924(e).

On May 17, 2006, a jury rendered a guilty verdict on all twelve counts.  (Doc. # 177). The petitioner was sentenced to 1,680 months of imprisonment followed by five years of supervised release.  The 1,680 months consisted of 360 months as to Count 10; 180 months as to Counts 1, 7, and 9; 240 months as to Counts 3 and 5; and 120 months as to Count 12, with all such terms to run concurrently.  It also consisted of 120 months as to Count 2 and 300 months as to each of Counts 4, 6, 8, and 11, with all such sentences running consecutively to the sentence imposed for Counts 10, 1, 7, 9, 3, 5, and 12.  Judgment was entered in the petitioner's case on August 18, 2006.  (Doc. # 197).

The petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit.  On April 12, 2007, the Fourth Circuit issued an opinion affirming the petitioner's conviction and sentence.  <u>United States v. Thomas Montril Brown</u>, No. 06-4940 (4th Cir. April 12, 2007) (Doc. # 241).  The Fourth Circuit issued its mandate on May 4, 2007.  (Doc. # 245).

On April 21, 2008, the petitioner filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. # 252).  On April 29, 2008, the respondent, United States of America ("respondent" or "Government") filed a response to the § 2255 motion and a motion for summary judgment, noting that the petitioner had not filed a supporting memorandum or alleged facts on which relief could be granted.  (Doc. # 256).  Pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by an Order filed May 19, 2008, that he had 34 days to file any material in opposition to the Government's motion for summary judgment. (Doc. # 257). On June 24, 2008, the petitioner filed a motion for an extension of time in which to file a memorandum of law in support of his § 2255 motion. (Doc. # 259). On August 5, 2008, the petitioner filed a memorandum of law in support of his § 2255 motion and a reply to the Government's response in opposition to his § 2255 motion and its summary judgment motion. (Docs. 260, 261). On March 18, 2009, the petitioner filed a motion to amend his § 2255 motion and add four additional grounds for relief. (Doc. # 262). The Government filed a response in opposition to the motion to amend. (Doc. # 263). On April 6, 2009, the petitioner filed a second motion to amend his § 2255 petition and add the same four claims referenced in the prior motion to amend. (Doc. # 264). On January 14, 2010, this Court issued an Order granting the motion to amend and directing the Government to file a response to the petitioner's original § 2255 petition, as supplemented by the petitioner's memorandum of law in support of his petition and the four grounds for relief referenced in the petitioner's motions to amend. (Doc. # 267). On March 22, 2010, the Government filed its response in opposition and a motion for summary judgment. (Doc. # 273). On April 29, 2010, the petitioner's trial defense counsel filed an affidavit in response to the petitioner's allegations. (Doc. # 275). A Roseboro order was issued on May 7, 2010, giving the petitioner until June 10, 2010, to file any material in opposition to the Government's motion for summary judgment. (Doc. # 277). To date, the petitioner has filed no response to the Government's March 22, 2010, motion for summary judgment.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a). Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that such is "the proof needed to allege a constitutional error." Id. at 890. "[T]he scope of review of non-constitutional error is more limited . . . ; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) (citations omitted). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's pro se motion, and finds that no hearing is necessary.

## BACKGROUND

The petitioner raises nine grounds for relief in his original § 2255 motion, as supplemented by his memorandum of law in support. (Docs. 252, 260). These nine grounds for relief are set forth below verbatim:

1.  Whether the District Courts lack subject-matter jurisdiction to try, convict and sentence the petitioner on the purported indictment in criminal case number: 4:05-770 where the alleged grand jury never examine and approve the indictment after the prosecutor drafted the indictment (other than the foreperson and prosecutor) as require by law, pursuant to Federal Rules of Criminal Procedures 6(c), and where the district court's records does not show jurisdiction and where the public record does not reflect that the foreperson deliver and file a letter or a certificate of concurrence with the Clerk of Court identifying all twelve legally qualified grand jury names and signatures concurred in returning a "true bill"as require by Federal Rules of Criminal Procedure 6(f), rendered the District Court's judgment null and void;

2.  Whether trial counsel was ineffective for failing to investigate the facts and law related to the Courts jurisdiction and since jurisdiction is a threshold matter the failure to investigate the facts and law and to know the Courts jurisdiction renders counsel ineffective as a matter of law;

3.  Whether trial counsel was ineffective for failing to properly communicated the Government's propose plea-offer constitute ineffective assistance of counsel;

4.  Whether the trial counsel was ineffective for failing to timely file a motion to dismiss the alleged purported indictment or object pursuant to Fed. R. Crim. P. 12(b)(3) challenging the District Court's jurisdiction where the District Court lack subject-matter jurisdiction to try, convict and sentence the petitioner where the alleged grand jury never examine and approved the indictment after the prosecutor drafted the indictment (other than the foreperson and prosecutor) as require by law pursuant to Fed. R. Crim. P. 6(c) and where the District Court's records does not show jurisdiction and where the public records does not reflect that the foreperson deliver and file a letter or certificate of concurrence with the Clerk of Court identifying all twelve legally qualified grand jury names and signatures concurrence in returning a "true bill" as require by Fed. R. Crim. P. 6(f), constitute ineffective assistance of counsel;

5.  Whether the Government is guilty of malicious prosecution and misconduct where the Government proceeded to prosecute the petitioner on a purported indictment on Counts: 1, 2, 5, 6, 7, 8, 9, 10, 11, and 12; where their is no record proof of evidence, that each alleged grand jury unanimously agreed and voted to

indict the petitioner on those specific counts, and their is no physical evidence that the full grand jury agreed to sanction the foreperson or the Government, (i.e., "true bill") the purported indictment filed on July 26, 2005; constitute prosecutorial misconduct and violated the petitioner Fifth and Sixth Amendment rights of the United States Constitution;

6. Whether trial counsel was ineffective for failing to object and/or properly explain to the District Court, prior to or at sentence hearing that a defendant cannot, as a matter of law, be enhance on one single 924(c) conviction for multiple 924(c)'s where the record reveal an ongoing crime spree; constitute ineffective assistance of counsel;

7. Whether trial counsel was laboring under an actual conflict of interest that adversely affective the petitioner right to the effective assistance of counsel;

8. Whether trial counsel was ineffective for failing to make sure that the petitioner was competent to stand trial, where counsel failed to have the petitioner re-examine where the previous examination report was inconclusive, as to whether the petitioner was present incompetent or competent to stand trial, constitute ineffective assistance of counsel;

9. Whether trial counsel was ineffective for advising the petitioner not to discuss anything or talk with the probationer officer in preparing Report ("PSR") and counsel failed to discuss ("PSR") with the petitioner constitute ineffective assistance of counsel.[1]

The petitioner added four grounds for relief through his motions to amend. (Docs. 262, 264).

These additional grounds will be numbered 10 through 13 for purposes of this Order and are set

forth below verbatim:

10. Trial counsel was ineffective for his failure to object to the duplicitous indictment Counts 2, 4, 6, 8, and 11;

11. Appellant counsel was ineffective for his failure to raise on direct appeal Brown's indictment on Counts 2, 4, 6, 8, and 11;

12. Counts 2, 4, 6, 8, and 11 failed to state an offense and fail to give Brown proper notice;

_____

[1] In a footnote to his memorandum of law in support of his § 2255 motion, the petitioner indicates he wishes to change this ground for relief to assert that trial counsel was ineffective for advising the probation officer not to have the petitioner present during the presentence interview. (Doc. # 260, p. 28).

13.     The Court's instructions on Counts 2, 4, 6, 8, and 11 lessened the Government's burden of proof while simultaneously constructive amended the indictment, when the Court used a disjunctive "or" rather than the conjunctive "and." It is unclear which crime the jury found Brown guilty of. This claim must be weighed with the above mentioned claims.

## STANDARD OF REVIEW

In examining a motion for summary judgment, the Court must determine whether there exists a genuine dispute of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine disputes of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, if the non-moving party "fails to properly address" the moving party's assertion of fact, the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed R. Civ. P. 56(e); see Celotex, 477 U.S. at 324-26. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. In such a situation, there can be "no genuine dispute as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322-23. The moving party is "entitled to judgment as a matter of law" because the non-

moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 323 (citation omitted).

**GROUNDS ONE, TWO, FOUR, AND FIVE**

Grounds One, Two, Four, and Five all relate to whether the Court lacked jurisdiction over this case because the petitioner was not properly indicted by a grand jury.  The petitioner argues the record does not reflect that twelve grand jurors voted to indict him and as a result, the Court lacked subject matter jurisdiction over his prosecution.  In addition, the petitioner asserts his trial counsel was ineffective for failing to investigate and challenge whether he was properly indicted and whether the Court had subject matter jurisdiction over his case.  Pursuant to 18 U.S.C. § 3231, district courts "have original jurisdiction . . . of all offenses against the laws of the United States."  The petitioner was charged with violating laws of the United States, and therefore, this Court had jurisdiction over his federal prosecution.  See United States v. Belt, 206 Fed. Appx. 289, 289 (4th Cir. 2006).

As for the petitioner's argument regarding the record not reflecting that a sufficient number of grand jurors voted to indict, the record shows that the indictment was signed by the grand jury foreperson and that it was endorsed as a true bill, indicating that twelve grand jurors voted to indict.[2]  The petitioner has presented no evidence impeaching the integrity of the grand

_____

[2] See United States v. Demarey, 81 F.3d 161, No. 95-1083, 1996 WL 145870, at *2 (6th Cir. Mar. 29, 1996) ("The superseding indictment is signed by the grand jury foreperson and indicates that it is a true bill; that is, a quorum of grand jurors agreed to indict."); United States v. Michael, 180 F.2d 55, 56 (3d Cir. 1950) ("The finding of an indictment is the function of the grand jury.  When an indictment has been submitted to the grand jury by the government attorney it becomes the duty of that body to find it to be a true bill of indictment and so return it to the district court, if at least twelve of the grand jurors concur in regarding the evidence presented by the government as making out a prima facie case of the offense charged.  If the requisite number of grand jurors decline to find the indictment to be a true bill it is to be returned as ignored.  When the grand jury has found an indictment to be a true bill and has completed its

jury foreperson's signature. <u>See</u> <u>United States v. Demarey</u>, 81 F.3d 161, No. 95-1083, 1996 WL 145870, at *2 (6th Cir. Mar. 29, 1996). Additionally, "[t]he 'indispensable secrecy of grand jury proceedings, must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. <u>But they must be shown with particularity</u>.'" <u>United States v. Stuck</u>, 227 Fed. Appx. 219, 222-23 (4th Cir. 2007) (quoting <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958)). The petitioner's speculations about a possible defect in the grand jury proceedings are "not enough to breach the grand jury's secrecy." <u>Id.</u> at 222. Therefore, the petitioner is not entitled to relief on Grounds One, Two, Four, and Five of his § 2255 motion.

## GROUND THREE

In Ground Three, the petitioner asserts his attorney was ineffective for not advising that he could plead without having to cooperate with the Government by entering an open plea or a plea of nolo contendere. A claim of ineffective assistance of counsel is subject to collateral review pursuant to § 2255. <u>McMann v. Richardson</u>, 397 U.S. 759, 771, n.14 (1970). In order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-92 (1984). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id</u>. at 690. Further, there is "a strong presumption that counsel's

_____

action thereon by returning the indictment, duly endorsed as a true bill by its foreman, to the district court in open session, its function has been fulfilled.").

conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.  As the Court in Strickland observed:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction and adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. (citation omitted).

Although Strickland dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, the Supreme Court has held the same two-part standard applies to "ineffective-assistance claims arising out of the plea process." Hill v. Lockhart, 474 U.S. 52, 57 (1985).  In the context of the plea process, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome" of that process.  Id. at 59.  In his affidavit in response to the § 2255 motion before the Court, the petitioner's trial counsel states that he discussed with the petitioner in detail all of the plea negotiations he had with the Government and that he sent a letter to the petitioner with a detailed summary of his plea options.  (Doc. # 275).  A copy of this letter is attached to the affidavit.  (Doc. # 275, attach. 1). The petitioner's trial counsel also indicates he did not advise the petitioner of the possibility of entering a plea of nolo contendere because such a plea leads to a likely loss of acceptance of responsibility at sentencing and serves no useful purpose.  (Doc. # 275).  This Court has not taken a nolo contendere plea in its ten years on the bench.[3]  Therefore, the question before the

---

[3] "A plea of nolo contendere is an admission of guilt which can subject the defendant to the same punishment that he would have received on a plea of guilty.  But unlike a plea of guilty, a plea of nolo contendere is not admissible against the defendant in a subsequent civil action." United States v. Dorman, 496 F.2d 438, 440 (4th Cir. 1974).  A district court has discretion

Court is whether by not advising his client of the possibility of entering a plea of nolo contendere, the performance of the petitioner's trial counsel fell below an objective standard of reasonableness and, if so, whether the petitioner was prejudiced.

In support of his third ground for relief, the petitioner cites <u>United States v. Booth</u>, where the Third Circuit Court of Appeals held that not advising a defendant of the option of entering a plea of nolo contendere may constitute ineffective assistance of counsel under certain circumstances. 432 F.3d 542 (3d Cir. 2005). The <u>Booth</u> court reasoned that in order to show prejudice, the petitioner must demonstrate that, but for the alleged ineffectiveness of his trial counsel, he likely would have received a lower sentence. <u>See</u> <u>Booth</u>, 432 F.3d at 546-47. Accepting based upon the stage of the proceedings and allegations in his petition that Booth would have truthfully admitted the conduct comprising the counts with which he was charged and any additional relevant conduct, the court concluded that Booth would have likely received a three-level reduction in his sentence for acceptance of responsibility. <u>Id.</u> at 548. As a result, Booth was prejudiced because he became ineligible for the three-level adjustment and "was exposed to an additional 19 to 30 months imprisonment." <u>Id.</u> at 548-49.

However, <u>Booth</u> is not controlling here. First, it is a Third Circuit opinion and is thus not binding authority for this Court. Second, unlike Booth, the petitioner here has not indicated that if he had entered a plea of nolo contendere, he would have admitted all of the conduct comprising all of the counts with which he was charged. Instead, in his memorandum of law in support of his § 2255 motion, the petitioner asserts he "may well have accept the responsibility on specific count(s) (i.e., two gun counts, as the petitioner Brown made cleared to the jury, that

_____

whether to accept a plea of nolo contendere as to some or all of the counts charged against a defendant. <u>See</u> Fed. R. Crim. P. 11(a). Therefore, the petitioner can only speculate as to whether this Court would have accepted such a plea.

he was guilty of only the 924(c)'s count(s)." (Doc. # 260, p. 9-10). The petitioner then cites to a portion of the trial transcript where he testified he was willing to plead guilty to Count 12 of the indictment, which charged him with possessing firearms and ammunition after having been convicted of a crime punishable by a term of imprisonment exceeding one year. Therefore, the petitioner's memorandum is not clear as to whether he would have accepted responsibility for the § 924(c) counts or for Count 12. Assuming the petitioner would have accepted responsibility for Count 12, the petitioner would not have received a reduction for acceptance of responsibility because that count was grouped together with Counts 9 and 10 in his Presentence Investigation Report ("PSR") and the petitioner has not indicated he would have accepted responsibility for those other counts. See U.S.S.G. § 3E1.1(a) ("If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."); United States v. Hargrove, 478 F.3d 195, 200 (4th Cir. 2007) (holding the word "offense" in U.S.S.G. § 3E1.1 refers to the "counts that are grouped together and treated as 'a single offense for purposes of the guidelines'" and a defendant need only accept responsibility for grouped guidelines counts to be eligible for a reduction for that particular "offense") (quoting U.S.S.G. § 3D intro. cmt.)); see also United States v. Taylor, 371 Fed. Appx. 375, 386 (4th Cir. 2010) ("The grouping of the drug counts of the indictment with the witness tampering count in the guidelines computation dictates that, though [the defendant] pled guilty to the former counts, his conviction on the latter count precludes application of U.S.S.G. § 3E1.1."). Moreover, even if this Court could have reduced the petitioner's sentence for Count 12 based on acceptance of responsibility as to that one offense, it would not have reduced his total sentence because the 120 months to which he was sentenced for Count 12 is concurrent with, among others, the 360 months he received for Count

10. Finally, assuming the petitioner would have accepted responsibility for some or all of the 18 U.S.C. § 924(c) counts, this Court would not have had the authority to reduce his sentence for those offenses based on acceptance of responsibility because § 924(c) imposes consecutive mandatory minimum sentences. See Hargrove, 478 F.3d at 200. First, the Court concludes the performance of the petitioner's trial counsel did not fall below an objective standard of reasonableness when he did not advise his client of the possibility of pleading nolo contendere. Second, relief is also not warranted because the Court does not find the petitioner was prejudiced by not being advised of the possibility of entering a nolo contendere plea. Therefore, the petitioner is not entitled to relief based on the argument he asserts in Ground Three.[4]

## GROUND SIX

In Ground Six, the petitioner asserts his trial counsel was ineffective for not objecting and/or properly explaining to the Court that a defendant's sentence cannot be enhanced "on one single 924(c) conviction for multiple 924(c)'s where the record reveal an ongoing crime spree." The petitioner was charged and convicted on five counts of violating 18 U.S.C. § 924(c). The Fourth Circuit has held, "based on the plain language of the statute, that convictions for separate crimes of violence can lead to multiple sentences under § 924(c)." United States v. Khan, 461 F.3d 477, 493 (4th Cir. 2006) (citing United States v. Luskin, 926 F.2d 372, 376-77 (4th Cir. 1991)). "As long as the imposition of multiple § 924(c) sentences does not violate the Double Jeopardy Clause," the Fourth Circuit has concluded it will uphold such sentences. Id. (citing

---

[4] The Court also notes that on the day voir dire proceedings were conducted in this case, a hearing was held in which several matters were addressed, including a request by the petitioner to have a different attorney assigned to his case. During this hearing, the attorney for the Government stated to the Court that the Government has "no objection to [the petitioner] entering pleas to any counts that he wants to enter pleas to and going to trial on the rest of them, if he wants to do that." (Doc. # 203, p. 52). Thus, it is reasonable to conclude the petitioner was aware of the option of pleading guilty to some of the counts in the indictment without having to cooperate with the Government's investigation.

13

Luskin, 926 F.2d at 376). "In order to determine whether consecutive § 924(c) sentences violate the Double Jeopardy Clause, '[t]he court must concern itself with whether the underlying crimes of violence supporting the § 924(c) charges are duplicative under a double jeopardy analysis.'" Id. at 493-94 (quoting Luskin, 926 F.2d at 376).

Each of the petitioner's § 924(c) convictions is underpinned by a separate crime of violence. Furthermore, the petitioner has not alleged and the Court does not find that any of the underlying crimes of violence are duplicative under a double jeopardy analysis. Therefore, the Court denies relief to the petitioner on his argument that his trial counsel was ineffective for not objecting to the imposition of multiple § 924(c) convictions where the conduct compromising the convictions occurred during an "ongoing crime spree." See Khan, 461 F.3d at 493 n.9 ("Though Khan's four crime-of-violence convictions may have arisen from his activities during a single month in October 2001, this court has expressly and consistently rejected the notion that the convictions should therefore be considered a single 'episode' for purposes of underpinning a § 924(c) violation.").

**GROUND SEVEN**

The petitioner argues in Ground Seven of his § 2255 motion that his trial counsel was laboring under an actual conflict of interest that adversely affected the petitioner's right to effective assistance of counsel. In his memorandum of law in support of his § 2255 motion, the petitioner provides excerpts from an exchange with the Court where he accused his trial counsel of being untruthful. (Doc. # 260, p. 21). In support of his request for relief based on this exchange, the petitioner asserts (Doc. # 260, p. 21):

> The petitioner ("Thomas Brown") contends that once, he accused his lawyer of lying to him and improper behavior, this created an actual conflict of interest thus, the petitioner Brown and his trial counsel was laboring under an

actual conflict of interest, this conflict diverge, where the court's defended trial counsel improper behavior, thereby creating a double conflict of interest, as to denied the petitioner Brown the right to a fair trial, and a right to the effective assistance of counsel that is guaranteed by the Sixth Amendment to the United States Constitution.

"To establish that a conflict of interest resulted in ineffective assistance, '[m]ore than a mere possibility of a conflict . . . must be shown.'" United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007) ("Nicholson I") (alteration and omission in original) (quoting United States v. Tatum, 943 F.2d 370, 376 (4th Cir. 1991)). "The petitioner must show (1) that his lawyer was under 'an actual conflict of interest' and (2) that this conflict 'adversely affected his lawyer's performance.'" Id. (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). "If the petitioner can show an actual conflict, and that it adversely affected his lawyer's performance, prejudice is presumed . . . ." Id. "To establish an actual conflict of interest, [the petitioner] 'must show that [his] interests diverged with respect to a material factual or legal issue or to a course of action.'" Id. (second alteration in original) (quoting Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998) (en banc)); see also Tatum, 943 F.2d at 376 ("When the attorney is actively engaged in legal representation which requires him to account to two masters, an actual conflict exists when it can be shown that he took action on behalf of one" client or failed to take action on behalf of one client because it would have an adverse impact on another). A conflict may not always be "as apparent as when [an attorney] formally represents two parties who have hostile interests." Tatum, 943 F.2d at 376. An attorney "may harbor substantial personal interests which conflict with the clear objective of his representation of the client, or his continuing duty to former clients may interfere with his consideration of all facts and options for his current client." Id.

After careful consideration, this Court does not find that an actual conflict of interest existed in this case. The petitioner has not shown or alleged that his attorney represented another client to whom he owed duties that conflicted with those he owed to the petitioner during his representation of the petitioner or prior to it. The petitioner has also not identified any substantial personal interest harbored by his trial counsel that conflicted with the attorney's representation of the petitioner. A conflict was not created solely by the fact that the petitioner accused his attorney of being dishonest. As well, there is no evidence that counsel for the petitioner was untruthful to the petitioner. Finally, there is no merit to the petitioner's argument that a conflict of interest was created with the Court when the Court did not find any inappropriate conduct by the petitioner's trial counsel and, accordingly, denied the petitioner's request for substitution of counsel.[5]

Even assuming an actual conflict existed, the petitioner has not sufficiently shown that it adversely affected his lawyer's performance. See Nicholson I, 475 F.3d at 249. In order to establish an adverse effect, a § 2255 petitioner must satisfy a three-part standard by a preponderance of the evidence:

> He must, first of all, "identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued." Second, he must establish that "the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision." In order to

_____

[5] The petitioner cites to United States v. Shorter, 54 F.3d 1248 (7th Cir. 1995), in support of his assertion that an actual conflict of interest existed. In Shorter, the Seventh Circuit held a conflict of interest was created where a defense attorney stated at sentencing that the defendant had accused her of forcing him to plead guilty and, in a motion to withdraw, argued that the defendant was making false statements to the court. Shorter, 54 F.3d at 1252-53. Shorter is a Seventh Circuit opinion and is not controlling authority for this Court. The facts in Shorter also differ from the facts here because the petitioner's attorney here never asserted the petitioner was making false statements. Also it was the attorney in Shorter making the representations to the Court that she was being accused of improper conduct whereas here it was the petitioner presenting the accusations to the Court. In sum, Shorter does not affect this Court's conclusion, which is based on Fourth Circuit precedent, that an actual conflict was not created in this case.

satisfy this second prong, "the petitioner must show that the alternative strategy or tactic was clearly suggested by the circumstances." Lastly, he must show that "the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." In establishing these three aspects of this test, the petitioner is not required to show that the strategy or tactic not taken would have been successful, but only that it would have been objectively reasonable.

Id. at 251-52 (internal citations omitted) (quoting Mickens v. Taylor, 240 F.3d 348, 361 (4th Cir. 2001) (en banc), aff'd without consideration of this point, 535 U.S. 162 (2002)). The petitioner asserts eight different ways his attorney's performance was adversely affected by a conflict of interest:

1. The fact that the petitioner Brown accused his lawyer of lying and other improper behavior;

2. Trial court defended the petitioner trial counsel, thereby denying the petitioner the right to a fair trial and creating a double conflict of interest among the defendant;

3. The failure of counsel to impeach the government witness (Elliott Graham) with his own hand writing notes, and failed to show it to the jury, where the contents of the notes asserts that Brown was asleep in the car on that carjacking and that kidnapping;

4. Trial counsel informing the probationer officer not to have the petitioner Brown present during presentence investigation;

5. The failure to timely file a motion to dismiss purported indictment, where the record shows that the district court lacked subject-matter jurisdiction over the petitioner Brown;

6. The failure to review with and discuss presentence report with the petitioner Brown;

7. The failure to properly explain to the court's that the petitioner cannot be sentence for multiple 924(c) counts, where the government also agrees, that the alleged crimes was an "common scheme or plan, an ongoing crime spree;"

8. The failure of counsel properly communicate the government's propose plea-offer, when counsel failed to explain that there was other option, in pleading guilty without having to cooperate.

The Court need not consider whether the petitioner has satisfied the first two prongs of the adverse effect analysis because the petitioner has clearly not met the third prong. More specifically, the petitioner has not demonstrated that his trial counsel's failure to pursue the eight alternative strategies or tactics he identifies was linked to the alleged actual conflict. The petitioner may show a link in either of two ways: "(1) by 'establish[ing] that the alternative defense was inherently in conflict with . . . the attorney's other loyalties or interests,' . . . or (2) by otherwise showing that the alternative defense was 'not undertaken due to' those other loyalties or interests . . . ." United States v. Nicholson, 611 F.3d 191, 212 (4th Cir. 2010) (alteration and first omission in original) ("Nicholson II") (quoting Freund v. Butterworth, 165 F.3d 839, 860 (11th Cir. 1999) (en banc)). The petitioner has not demonstrated or alleged how the alternative defenses he identifies were inherently in conflict with his trial counsel's other loyalties or interests. He also has not shown or alleged how his trial counsel's other loyalties or interests otherwise prevented his attorney from pursuing those alternative defenses. Again, there is no evidence that counsel was untruthful in this case. Therefore, Ground Seven of the petitioner's request for relief is denied.

## **GROUND EIGHT**

In Ground Eight, the petitioner asserts his counsel was ineffective for failing to make sure the petitioner was competent to stand trial. The petitioner argues his trial counsel should have requested he be re-examined because the first examination was inconclusive as to whether the petitioner was competent. The petitioner's trial counsel states in his affidavit (Doc. # 275) that he filed a motion for a competency evaluation because the petitioner had a history of mental health treatment. He indicates that the examiners were not able to give a definitive opinion about

the petitioner's competency because the petitioner did not cooperate fully with the examination. (Doc. # 275). The attorney avers that the report had enough information to anticipate that if the petitioner had cooperated fully, the examiners would have found him competent. (Doc. # 275). In addition, the attorney states that the petitioner was always lucid during their conversations; the petitioner indicated he understood all of their conversations; and, unless the petitioner refused to talk, the petitioner was able to discuss the case and assist in preparing his defense. (Doc. # 275). Likewise, the petitioner's Presentence Investigation Report ("PSR") indicates that the Bureau of Prisons could not form a firm opinion regarding the petitioner's competency because he did not cooperate fully with the examination. The PSR also includes the following statement taken from the examiners' report:

> While the defendant may have some deficits, there is sufficient evidence from which to conclude that his competency-related functional abilities are less impaired than he demonstrates. Because of this, a reasonable appraisal of his current level of functioning is not possible. It is believed that a more lengthy evaluation at a psychiatric facility capable of more consistent and comprehensive behavioral observation of the defendant would likely result in further clarification of his diagnostic picture and his competency-related functional abilities.

If reasonable grounds exist for questioning a defendant's competency, "a lawyer is not entitled to rely on his own belief about [the] defendant's mental condition, but instead must make a reasonable investigation." Becton v. Barnett, 920 F.2d 1190, 1192 (4th Cir. 1990) (citing Wood v. Zahradnick, 578 F.2d 980, 982 (4th Cir. 1978)). The petitioner's trial counsel recognized the petitioner had a history of mental health treatment and requested an evaluation of his competency. The examiners were unable to offer a definitive opinion regarding the petitioner's competency because the petitioner did not fully cooperate with the evaluation. Thus, the petitioner bears responsibility for the status of his evaluation. The petitioner's attorney states

that the petitioner was lucid during their conversations and able to assist in preparing his defense, except when he refused to speak. The petitioner has provided no response to his attorney's affidavit. Therefore, under these circumstances, this Court does not find that the performance of the petitioner's trial counsel fell below an objective standard of reasonableness when he did not request a second evaluation of the petitioner's competency. The petitioner is not entitled to relief on Ground Eight of his § 2255 motion.

## **GROUND NINE**

The petitioner asserts in Ground Nine that his trial counsel was ineffective for advising the probation officer who was preparing the PSR to not have the petitioner present during the presentence interview. The petitioner's trial counsel states in his affidavit (Doc. # 275) that the probation officer assigned to prepare the petitioner's PSR was the same person who interviewed the petitioner and prepared his pretrial services report prior to his initial appearance. The attorney further sets forth that the probation officer asked about interviewing the petitioner after the jury returned a guilty verdict, but they concluded that the information concerning the petitioner's personal history obtained in preparing the pretrial services report was sufficient for purposes of the PSR. (Doc. # 275). The petitioner's trial counsel also avers that he reviewed the PSR in detail with the petitioner and made all of the objections to the PSR that the petitioner wanted him to make. (Doc. # 275). The attorney provides a copy of a letter addressed to the probation officer who prepared the petitioner's PSR in which the attorney sets forth the objections the petitioner wished to make. (Doc. # 275, attach. 4). The petitioner did not respond to the affidavit provided by his trial counsel. The petitioner has also not indicated what errors he believed the PSR contained. Moreover, during his sentencing, the Court asked the petitioner

whether he had sufficient time to review the PSR, and he responded affirmatively. (Sentencing Transcript, p. 2) (Doc. # 212).[6] Therefore, the Court finds that summary in favor of the Government is appropriate with respect to Ground Nine of the petitioner's motion.

## **GROUNDS TEN AND ELEVEN**

Grounds Ten and Eleven of the petitioner's motion relate Counts 2, 4, 6, 8, and 11 of the indictment, which are the 18 U.S.C. § 924(c) counts for which the petitioner was convicted. The petitioner argues that his trial counsel was ineffective for not objecting at trial or arguing on appeal that the § 924(c) counts were duplicitous.

United States Code, Title 18, Section 924(c) sets forth a mandatory minimum sentence for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses <u>or</u> carries a firearm, <u>or</u> who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c) (emphasis added). The indictment in this case for Counts 2, 4, 6, 8, and 11 charged that the petitioner "knowingly used and carried firearms during and in relation to, <u>and</u> possessed firearms in furtherance of, a crime of violence, which is prosecutable in a court of the United States." (Emphasis added).

The Court concludes that the petitioner is not entitled to relief on his argument that his trial counsel was ineffective for not challenging whether the § 924(c) counts were duplicitous. "Duplicity is defined as 'the joining in a single count of two or more distinct and separate offenses.'" <u>United States v. Hawkes</u>, 753 F.2d 355, 357 (4th Cir. 1985) (quoting 1A Charles

---

[6] <u>See</u> Sentencing Transcript, pp. 2:7-2:13 (Doc. # 212):
THE COURT: Mr. Meetze, have you had sufficient time to review the presentence report in this case?
MR. MEETZE: Yes, sir.
THE COURT: Let me ask you, Mr. Brown: Have you had sufficient time to review the presentence report in your case?
DEFENDANT BROWN: Yes, sir.

Alan Wright et al., <u>Federal Practice & Procedure</u> § 142). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." <u>Mikalajunas</u>, 186 F.3d at 492-93. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." <u>Id.</u> at 493. "And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." <u>Id.</u>

The cause asserted by the petitioner in this case is ineffective assistance of counsel, meaning the petitioner must show his attorney's performance fell below an objective standard of reasonableness and he suffered prejudice as a result. <u>Id</u>; <u>Strickland</u>, 466 U.S. at 687-92. Prior to its decision in <u>United States v. Woods</u> in March 2008, the Fourth Circuit had not addressed whether § 924(c) creates more than one offense. 271 Fed. Appx. 338, 343 (4th Cir. 2008) (per curiam); <u>see</u> <u>United States v. Mingo</u>, 237 Fed. Appx. 860, 864 (4th Cir. 2007) ("We have not yet decided, as have other courts, whether § 924(c) defines two distinct offenses."). While the Fourth Circuit remarked in <u>Woods</u> that the statute creates two distinct offenses, it did so through what has been described as an "unpublished non-precedential opinion." <u>See</u> <u>United States v. King</u>, 628 F.3d 693, 699-700 & n.3 (4th Cir. 2011) (denying relief based on the plain error standard where an indictment omitted § 924(c)'s "in furtherance of" language and alleged "only that [the defendant] used, carried, and possessed a firearm 'during and in relation to' drug

trafficking" and noting that <u>Woods</u> is an "unpublished non-precedential opinion"). In the case before the Court, the Fourth Circuit issued its opinion affirming the petitioner's conviction and sentence in April 2007—prior to its decision in <u>Woods</u>. As a result, at the time of the petitioner's conviction, sentence, and appeal, "there was no controlling authority dictating a conclusion" that § 924(c) creates more than one offense.[7] <u>See Mikalajunas</u>, 186 F.3d at 493. In light of the fact there was no controlling authority at the time the decision was made, the Court does not find that the performance of the petitioner's trial counsel fell below an objective standard of reasonableness by not asserting the indictment was duplicitous. Therefore, the petitioner has not sufficiently demonstrated ineffective assistance of counsel as cause for his procedural default.

---

[7] Moreover, because <u>Woods</u> has been described as non-precedential, there still does not appear to be any controlling authority in this circuit. <u>See King</u>, 628 F.3d at 699-700 & n.3. In <u>King</u>, the Fourth Circuit addressed its previous <u>Woods</u> decision by noting that "in the course of rejecting a challenge to jury instructions, we remarked in an unpublished opinion that § 924(c) 'creates distinct "use and carry" and "possession" offenses' and so if a defendant is 'indicted for one § 924(c) offense but convicted of the other, this would of course mandate reversal under our precedent.'" <u>Id.</u> at 700 n.3 (quoting <u>United States v. Woods</u>, 271 Fed. Appx. 338, 343 (4th Cir. 2008) (per curiam). The Court further indicated that "because <u>Woods</u> dealt with the mismatch between a jury instruction and an admittedly sufficient indictment, [it] had no opportunity to assess the sufficiency of an indictment that intermixes § 924(c)'s elements." <u>Id.</u> Finally, the Court noted that "this [the <u>Woods</u> opinion] unpublished non-precedential opinion can establish no basis for a finding of plain error," which was relevant to its analysis in the <u>King</u> case. <u>Id.</u> (citing <u>United States v. Stewart</u>, 595 F.3d 197, 199 n.1 (4th Cir. 2010)).

This Court notes that based on the timing of the filing of this action, post <u>Woods</u>, this Court need not delve into the debate of whether the Fourth Circuit, if squarely presented with this issue, would hold that § 924(c) creates two separate offenses or instead lays out alternative means for committing the same offense. However, in light of the Fourth Circuit's indication that <u>Woods</u> may not reflect the Court's final position on this issue, this Court notes that it finds the analysis and discussion in <u>United States v. Arreola</u>, 467 F.3d 1153, 1158-61 (9th Cir. 2006) and <u>United States v. Stewart</u>, No. 08 CR 720, 2009 WL 2149603, at *2 (N.D. Ill. 2009) to be instructive. In these cases, the respective Courts concluded that since § 924(c) sets forth disjunctive theories of liability for <u>a single offense</u>, an indictment is not duplicitous if it raises the theories conjunctively in a single count.

## GROUNDS TWELVE AND THIRTEEN

Grounds Twelve and Thirteen also relate to Counts 2, 4, 6, 8, and 11 of the indictment, which are the 18 U.S.C. § 924(c) counts for which the petitioner was convicted. In Ground Twelve, the petitioner asserts the § 924(c) counts failed to state an offense and give the petitioner proper notice. For Ground Thirteen, the petitioner argues that the Court's jury instructions on the § 924(c) counts lessened the Government's burden of proof while simultaneously constructively amending the indictment when the Court used the disjunctive "or" rather than the conjunctive "and," making it unclear for which crime he was convicted.

Again, the indictment in this case for Counts 2, 4, 6, 8, and 11 charged that the petitioner "knowingly used and carried firearms during and in relation to, and possessed firearms in furtherance of, a crime of violence, which is prosecutable in a court of the United States." The Court instructed the jury that the defendant had "been charged with five counts of using and carry[ing] a firearm during and in relation to or possessing a firearm in furtherance of a crime of violence. (Transcript of May 16, 2011, trial proceedings, p. 207) (Doc. # 231). The Court also instructed the jury that the Government had to prove two elements beyond a reasonable doubt: "First, that the defendant knowingly used, carried, or possessed the firearm. Second, that the use or carrying of the firearm was during and in relation to or the firearm was possessed in furtherance of a crime of violence." Id., p. 208 (Doc. # 231).

"A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994) (en

banc).  "A constructive amendment is a fatal variance because the indictment is altered 'to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.'"  United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (quoting United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991)).  A constructive amendment "is error per se, and must be corrected on appeal even when the defendant did not preserve the issue by objection."  Id.

What occurred in this case is the indictment charged the defendant with violating § 924(c) in the conjunctive and the Court instructed the jury in the disjunctive.  "[W]hen the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive."  United States v. Perry, 560 F.3d 246, 256 (4th Cir. 2009) (citing United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001); United States v. Champion, 387 F.2d 561, 563 n.6 (4th Cir. 1967)).  The application of this principle leads to the conclusion that the Court did not constructively amend the indictment when it charged in the disjunctive and that the petitioner had proper notice of the charges against him, which he asserts he lacked in Ground 12 of his § 2255 motion.  In addition, the Government's burden of proof would not have been impermissibly lessened because proof that the petitioner used or carried a firearm during and in relation to a crime of violence or that the petitioner possessed a firearm in furtherance of a crime of violence would be sufficient to sustain the conviction.[8]

---

[8] Even if § 924(c) creates two separate offenses, the petitioner has no provided no authority indicating that it is inappropriate for a court to instruct the jury in the disjunctive when the Government charges in the conjunctive and the statute is worded in the disjunctive.  See United States v. Perry, 560 F.3d 246, 256 (4th Cir. 2009) (citing United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001); United States v. Champion, 387 F.2d 561, 563 n.6 (4th Cir. 1967)).

The Court finds no basis for concluding the § 924(c) counts failed to adequately set forth offenses as alleged in Ground 12 of the petitioner's § 2255 motion.

## CONCLUSION

For the reasons set forth herein, the Government's motion for summary judgment (Doc. # 273) is hereby **GRANTED,** and the petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. # 252) is hereby **DENIED**.  This matter is dismissed with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253.  Applying the provisions set forth at 28 U.S.C. § 2253(c), this Court concludes that it is appropriate to issue a certificate of appealability as to all issues raised herein.

**IT IS SO ORDERED.**


s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

September 30, 2011

Florence, South Carolina